UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS AGUILERA,<br><br>            Plaintiff,<br><br>    v.<br><br>R. CELIS,<br><br>            Defendant. | Case No. 23-cv-00585-HSG<br><br>**ORDER OF SERVICE** |

Plaintiff, an inmate at California Substance Abuse Treatment Facility ("CSATF"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against San Quentin State Prison ("SQSP") correctional officer R. Celis. For the reasons set forth below, the Court finds that the complaint states cognizable Eighth Amendment claims against defendant Celis and orders service.

**DISCUSSION**

**I.    Procedural History**

On March 15, 2023, the Court conducted an initial screening of the complaint. In relevant part, the Court summarized the complaint as follows:

> Correctional Officer Celis placed a known enemy inmate in the same cell as Mr. Aguilera and told him that he was in deep trouble and then left the area. The other inmate attacked Mr. Aguilera causing injuries and Mr. Aguilera punched the other inmate multiple times in self-defense. Correctional Officer Celis returned and then used pepper spray on Mr. Aguilera and struck him with a baton causing more injuries. (ECF No. 1 at 2–3.) Mr. Aguilera was found guilty at a disciplinary hearing regarding him fighting with the other inmate during the incident and assessed a 61-day loss of time credits. (*Id.* at 50–51.) The disciplinary hearing officer credited the testimony of Correctional Officer Celis that Mr. Aguilera and the other inmate refused repeated commands to stop fighting which led to the use of pepper spray and baton strikes. (*Id.*)

Dkt. No. 10 at 1-2 (footnote omitted). The Court found that "[t]he complaint presents sufficient allegations that defendant Celis failed to protect Mr. Aguilera and used excessive force against him," but noted that one or both claims were possibly barred by *Heck v. Humphrey*, 512 U.S. 477

(1994) and *Edwards v. Balisok*, 520 U.S. 641, 646 (1997), if a finding in Plaintiff's favor of these Section 1983 claims necessarily invalidated the disciplinary conviction. *See* Dkt. No. 10 at 3-4. Because the applicability of *Heck* in a prison disciplinary proceeding is a fact-specific inquiry, the Court dismissed the complaint with leave to amend to address the issues. The Court ordered Plaintiff to file an amended complaint addressing these issues by April 12, 2023. *See generally* Dkt. No. 10. The deadline to file an amended complaint has passed, and Plaintiff has neither filed an amended complaint nor communicated with the Court. Accordingly, the initial complaint remains the operative complaint

## II.     Screening Complaint

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2

Liberally construed, the complaint states cognizable Eight Amendment claims for deliberate indifference to inmate safety and use of excessive force against defendant Celis. The complaint's allegations that defendant Celis placed inmate Maldonado, a known enemy, in Plaintiff's cell, told Plaintiff that Plaintiff was a problem prisoner and in deep trouble, and inmate Maldonado subsequently assaulted Plaintiff state a cognizable Eighth Amendment claim against defendant Celis for deliberate indifference to inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (prison officials have duty under Eighth Amendment to protect prisoners from violence at hands of other prisoners). The complaint's allegation that defendant Celis used pepper spray on Plaintiff and hit Plaintiff several times in the head and body with his baton, causing serious injuries, when Plaintiff was not violating any prison rules or acting disruptively, but only trying to defend himself from inmate Maldonado, states a cognizable Eighth Amendment claim against defendant Celis for excessive force. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (core judicial inquiry in considering Eighth Amendment excessive force claim is whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm).

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The following defendant(s) shall be served: San Quentin State Prison correctional officer R. Celis. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or

3

could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2.  For the reasons set forth above, the Court finds that the complaint states cognizable Eighth Amendment claims for deliberate indifference to inmate safety and excessive use of force against defendant Celis.

3.  In order to expedite the resolution of this case, the Court orders as follows:

    a.  No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

    b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the

---

[1] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

4

1  motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment
2  provided later in this order as he prepares his opposition to any motion for summary judgment.
3              c.    Defendant shall file a reply brief no later than 14 days after the date the
4  opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No
5  hearing will be held on the motion.
6         4.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the
7  Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must
8  do in order to oppose a motion for summary judgment.  Generally, summary judgment must be
9  granted when there is no genuine issue of material fact – that is, if there is no real dispute about
10 any fact that would affect the result of your case, the party who asked for summary judgment is
11 entitled to judgment as a matter of law, which will end your case.  When a party you are suing
12 makes a motion for summary judgment that is properly supported by declarations (or other sworn
13 testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
14 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
15 as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and
16 documents and show that there is a genuine issue of material fact for trial.  If you do not submit
17 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
18 If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v.*
19 *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does
20 not excuse Defendant's obligation to serve said notice again concurrently with a motion for
21 summary judgment.  *Woods*, 684 F.3d at 939).
22         5.    All communications by Plaintiff with the Court must be served on Defendant's
23 counsel by mailing a true copy of the document to Defendant's counsel.  The Court may disregard
24 any document which a party files but fails to send a copy of to his opponent.  Until Defendant's
25 counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant,
26 but once Defendant is represented by counsel, all documents must be mailed to counsel rather than
27 directly to Defendant.
28

6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8.      Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:   7/10/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge